**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3420
_____

ZHI ZHAO,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                         Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-015-958)
Immigration Judge:  Honorable Donald Ferlise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2011

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 21, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner Zhi Zhao, a citizen of the People's Republic of China, seeks review of

the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen

proceedings.  For the following reasons, we will deny the petition for review.

In August 2002, Zhao was charged with removability for entering the United States without valid entry documents. At her 2004 removal proceedings, Zhao conceded that she was removable but filed an application for asylum and related relief claiming that she was persecuted under China's family planning policy by, among other things, being forced to have an abortion. The Immigration Judge ("IJ") made an adverse credibility finding and denied relief. He also found that Zhao had filed a frivolous application. On March 23, 2006, the BIA affirmed the IJ's decision without opinion.

In October 2008, Zhao filed a motion to reopen alleging a well-founded fear of future persecution due to changed country conditions in China. She asserted that she would be sterilized if removed to China because she had given birth to a child in the United States and was pregnant with a second child. The BIA determined that Zhao had not established changed country conditions, and denied the motion to reopen as untimely. This Court then granted Zhao's petition for review and remanded the case to the BIA after determining that it had failed to adequately explain its reasoning for rejecting the evidence that Zhao submitted in support of her motion. (C.A. No. 09-1392.)

On remand, Zhao offered additional evidence, including a supplemental statement, her second child's birth certificate, a 2009 letter from her parents, a document from the Shouzhan Town Birth Control Office notifying her that she is to be sterilized upon her return to China, information from the Fujian Province Population and Family Planning Commission, and various background reports. She also asserted, for the first time, that

she received ineffective assistance of counsel during her initial appeal to the BIA because her attorney did not challenge the IJ's finding of frivolousness.

On July 19, 2010, the BIA again denied Zhao's motion to reopen. After concluding that Zhao did not meet the requirements for bringing a claim of ineffective assistance of counsel, it determined that she "failed to offer sufficient persuasive, probative, and authenticated evidence to establish a change in circumstances or country conditions 'arising in the country of nationality' so as to create an exception to the time and number limitation for filing a late motion to reopen to apply for asylum."

Zhao, proceeding pro se, now petitions for review of the BIA's final order of removal.

## II.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a), and review a decision denying a motion to reopen for abuse of discretion. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). "As a general rule, motions to reopen are granted only under compelling circumstances." *Id*. at 561.

Motions to reopen must be filed with the BIA no later than 90 days after the date of the final administrative decision in the proceeding sought to be opened. 8 U.S.C. § 1229a(c)(7)(C)(i). However, this limitation does not apply if the movant seeks reopening "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

3

An ineffective assistance of counsel claim can also toll the statute of limitations for filing a motion to reopen. *Mahmood v. Gonzales*, 427 F.3d 248, 251-52 (3d Cir. 2005). To meet the procedural requirements for bringing such a claim, a petitioner must submit: (1) an affidavit attesting to the relevant facts; (2) evidence that former counsel was informed of the allegations and allowed a chance to respond; and (3) a statement that a complaint against counsel has been filed with the appropriate disciplinary authority, and if not, a reasonable explanation of why not. *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988); *see also Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001) (concluding that the *Lozada* requirements are reasonable). Further, to qualify for equitable tolling, the petitioner must exercise due diligence in raising the claim. *Mahmood*, 427 F.3d at 252.

Zhao asserted that her attorney was ineffective because he failed to challenge the IJ's conclusion that her asylum application was frivolous. In an attempt to comply with the *Lozada* requirements, she submitted a statement regarding her attorney's alleged ineffective assistance, a March 2010 complaint that she filed with the New York attorney disciplinary committee, and a certified mail receipt indicating that she sent the disciplinary complaint to her former counsel. The BIA determined that Zhao did not meet the *Lozada* requirements because she neither informed her counsel of the allegations against him nor did she give him a chance to respond to the allegations. It also concluded that, even had she met the procedural requirements, she did not demonstrate that she exercised due diligence in raising her claim.

4

We agree that Zhao did not exhibit due diligence in filing her ineffective assistance of counsel claim. Zhao claims that she did not know that her attorney failed to challenge the frivolousness finding until she received this Court's 2009 decision. However, she has failed to provide any evidence that she acted with diligence. Assuming her stated reason for the late filing is correct, then she took no steps to inquire about her removal proceedings from 2004, when she hired an attorney to file her appeal before the BIA, until this Court issued a decision in 2009. This does not constitute diligence. Accordingly, the BIA's decision regarding Zhao's claim of ineffective assistance of counsel is not arbitrary or contrary to law. *See Shardar v. Att'y Gen.*, 503 F.3d 308, 311 (3d Cir. 2007) (reciting standard for reviewing a denial of a motion to reopen).

The BIA also did not abuse its discretion by rejecting Zhao's claim that the 90-day limit for filing a motion to reopen should be excused due to changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Zhao first contends that the BIA improperly discounted the evidentiary value of the documents that she submitted in support of her motion to reopen. *See Huang v. Att'y Gen.*, 620 F.3d 372, 391-92 (3d Cir. 2010) (remanding where the BIA failed to consider evidence that was both material and previously unavailable). Zhao is correct that a failure to authenticate documents under 8 C.F.R. § 287.6 does not warrant per se exclusion, and that a petitioner is permitted to prove authenticity by other means. *See Liu v. Ashcroft*, 372 F.3d 529, 533 (3d Cir. 2004). However, because Zhao did not authenticate the documents in any manner, the BIA

5

"properly discounted" them. *See Chen v. Att'y Gen.*, No. 09-3459, 2011 WL 923353, at *4 (3d Cir. Mar. 18, 2011).

We agree with Zhao that it was improper for the BIA to have taken into account the IJ's adverse credibility assessment when considering what weight to give her newly filed documents, as the credibility determination was unrelated to the claim in her motion to reopen. *See Guo v. Ashcroft*, 386 F.3d at 562. This does not, however, warrant a grant of the petition for review because the BIA also specifically considered the newly filed documents and found them to be lacking in probative value for other valid reasons. The BIA also considered the substance of "the statement[s] from family and friends," and noted that they did not "demonstrate[] a material *change* in the application of the family planning policy in their local village since the date of the last hearing in 2004." Further, as explained below, the BIA appropriately based its ultimate conclusion on the finding that it was unreasonable for Zhao to fear forced sterilization upon her return to China. *See Shardar*, 503 F.3d at 312 (noting that a petitioner must establish a prima facie case for asylum to succeed on a motion to reopen).

Zhao's motion to reopen is based on her fear of being sterilized for having had two children in the United States in violation of China's family planning policy. *See* 8 U.S.C. § 1101(a)(42) (providing that forced sterilization constitutes persecution on account of political opinion). The BIA determined that the independent record, including the 2007 U.S. State Department Country Report, does not reflect that forced sterilization is used to enforce the family planning policy in Fujian Province. *See In re S-Y-G*, 24 I. & N. Dec.

6

247, 257 (BIA 2007) (noting distinction between documents reflecting a policy of mandatory sterilization and mandatory forcible sterilization and explaining that refugee status extends only to the latter); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 (BIA 2010) (noting discussion in 2007 Report that there have been no cases of *forced* sterilization in Fujian Province in ten years).[1] The BIA acknowledged that Zhao's evidence indicated that children born abroad, whose parents are both Chinese nationals who have not settled in another country, are regarded as foreign nationals. Relying on the 2007 Country Report and *In re H-L-H- & Z-Y-Z-*, it nonetheless concluded that this was not dispositive of whether Zhao would face forcible sterilization. As in *Chen*, this is not a situation where the BIA "ignore[d] [the petitioner's] evidence or fail[ed] to conduct a case-specific analysis of the evidence." 2011 WL 923353, at *3. We thus agree with the BIA that "the record supports the finding that [Zhao] does not have a well-founded fear" of forcible sterilization." *See id.* Accordingly, we will not disturb the BIA's finding that Zhao failed to establish a prima facie case for asylum.

In sum, we conclude the BIA did not abuse its discretion in denying Zhao's motion to reopen. We will therefore deny her petition for review.

---

[1] Additionally, the BIA properly rejected Zhao's assertion that she was eligible to file a successive asylum application based on changed personal circumstances. *See Liu v. Att'y Gen.*, 555 F.3d 145, 150 (3d Cir. 2009) (holding that successive asylum applications based on changed personal circumstances are permitted only within the 90-day reopening period).